NO. 07-06-0043-CR


NO. 07-06-0044-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 8, 2006



______________________________




STEPHANIE LINDA ESPINOSA,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 50,641-C & 50,642-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Stephanie Linda Espinosa, appellant, attempts to appeal her convictions for
possession of a controlled substance in a drug free zone. The court imposed her sentence
in both causes in open court on December 12, 2005. Appellant then filed a notice of
appeal in both cases on January 30, 2006. We dismiss for want of jurisdiction.

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). No motion for new trial having been filed, appellant's
notice of appeal was due to be filed January 11, 2006. Because the record discloses that
appellant's notice of appeal was received by the trial court clerk on January 30, 2006, in
both cases, without seeking an extension of the deadline, Tex. R. App. P. 26.3, the notices
of appeal were late. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellant's notices being untimely
filed, we have no jurisdiction over the matters and dismiss the appeals.

 Accordingly, appellant's appeals are dismissed. (1)


 Brian Quinn 

 Chief Justice 




Do not publish.
1. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of
habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005).



="BR1">